## JORDAN vs. SYLVESTER.

In a writ of entry, the question being upon the fact of ouster by the defendant, and it appearing that he held a deed of the land, as security for a debt, given to him by a third person, who continued in possession, but under no certain agreement as to time or amount of rent; the defendant intending to take the land into his possession whenever he should think proper;—this was held to be no sufficient evidence of an ouster.

In this case, which was a writ of entry tried before *Parris J.* upon the general issue, a verdict was returned for the demandant subject to the opinion of the court upon the sufficiency of the evidence to prove an ouster by the defendant.

Both parties deduced title from one *Thomas Skolfield*; the demandant claiming under an extent, the attachment having been made *May* 31, 1824 ; and the defendant claiming under a deed of prior date, which was impeached as fraudulent.

The evidence of ouster was derived partly from the deposition of *Marlborough Sylvester, Esq.* who testified that the defendant, who was his son, never had possession of the premises to his knowledge, except by putting up some fence after *Skolfield's* death.  A disclosure made by the defendant, in a suit in which he was summoned as *Skolfield's* trustee, was also introduced by the demandant; in which he stated that *Skolfield* lived on his farm in *Harpswell;* that there was no particular time or amount of rent agreed upon between them ; that the farm was conveyed to him for security of a debt ; and that he " calculated to take the property into his own hands whenever he should think proper." And it appeared that *Skolfield* did reside on the farm till his decease in *January* 1826 ; and that his family had ever since continued to dwell there, as before ; one of them testifying that she never knew the defendant to exercise any acts of ownership over the premises.

The trial proceeded upon the assumption, by both parties, that this suit was commenced before the passing of *Stat.* 1826, *ch.* 344, and that therefore the plea of *nul disseisin* was an admission of ouster, as at common law ; and the fact was not discovered to be otherwise

till near the close of the trial. Neither party made the proof ouster a question to the jury ; but argued upon the evidence of fraud in the conveyance.

The question was briefly spoken to by *Longfellow* for the demandant, and *Mitchell* for the defendant ; and the opinion of the Court was delivered at the ensuing *May* term, in *Kennebec*, by

MELLEN C. J. By the report of the Judge it appears that the only question reserved is, whether the evidence disclosed on the trial is sufficient to prove that at the time of the commencement of the action, the defendant held possession of the premises demanded or any part thereof. The *Stat.* of 1826, *ch.* 344, renders it necessary, even under the general issue, for the demandant to prove that fact. It seems to have been understood, until the testimony was nearly closed, that the action was commenced prior to the passage of the act, above mentioned, and so did not come within its provisions ; and little evidence seems to have been directed to the point ; the merits of the cause, depending on the agitated question of fraud, occupying the principal attention of the parties. The only proof of the alleged possession, arises partly from the deposition of *Marlborough Sylvester*, and partly from the defendant's disclosure. *Sylvester* testifies that the defendant never had any possession of the premises, except putting up some fence, which was after *Skolfield's* death ; but it does not in any manner shew what was the state of the fact at the time the action was commenced. The defendant in his disclosure says, " *Skolfield* now lives on my property in *Harpswell*. There is no particular agreement between us on the subject" (of rent) " nor any understanding. I calculate to take the property into my hands, whenever I think proper." On these facts we cannot say that ever the relation of landlord and tenant existed between them ; and the expression of the defendant as to his calculation to take the property into his hands at some future day, carries a strong implication with it that he had, not done so, directly or indirectly, when the suit was commenced. It does not appear that the jury considered the question. On the whole, we think there must be a revision of the cause and the facts, touching the question of possess-

ion more particularly examined, so that the demandant may furnish more satisfactory evidence, if he can. In many instances parties have been led into mistakes by the new provision introduced by the act before mentioned; still, as the act requires proof of such possession, on the general issue, even where the whole question between the parties is a mere question of title, we must see that the law is carried fairly into execution. We doubt not that the act was passed with the best of motives, but in practice it has been found not only inconvenient, but sometimes leading to perplexity; and where, on the trial of the cause, a demandant may fail to sustain it, on the ground, merely, of an accidental absence of proof of possession, although he may have a legal title to the premises demanded, great attention must be paid to prevent uncertainty as to the real and true reasons of the verdict, inasmuch as the record will not show the principles on which it was returned in favor of the defendant. And in case of a second action brought to recover the same premises, there often may be great difficulty in showing that the merits of the title were not decided on the first trial, unless the precise ground on which the verdict was given, was stated in the verdict. In the present case we are of opinion that there must be a new trial.

*Verdict set aside.*